**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 21-1094

GILBERTO ECHEVARRIA,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Denise J. Casper, U.S. District Judge]

Before

Lynch, Thompson, and Kayatta,
Circuit Judges.

Scott Katz and Scott Katz Law on brief for appellant.
Nathaniel R. Mendell, Acting United States Attorney, and
Donald C. Lockhart, Assistant United States Attorney, on brief for
appellee.

October 28, 2021

**THOMPSON**, <u>Circuit Judge</u>. Sometime after pleading guilty to various drug and gun charges, Gilberto Echevarria moved a district judge under the federal habeas statute to vacate his conviction and sentence. Of the many claims made in his motion, the one relevant here is his complaint that plea counsel (as he, and thus we, call counsel) acted ineffectively by (supposedly) ignoring his direct order to file a notice of appeal after entry of judgment. The judge, however, denied his motion following an evidentiary hearing — though she did grant him a certificate of appealability ("COA") permitting our review. And we now affirm, noting up front that because we pen this not-for-publication opinion principally for the parties — who know the facts, the procedural history, and the arguments presented — our discussion will be short (we relate only what is needed to justify our affirmance).

Crediting plea counsel's account over Echevarria's (after seeing and hearing them testify), the judge found (emphasis ours) "that Echevarria *did not ask* [plea counsel] to file a notice of appeal." Dissatisfied, Echevarria wants us to stamp the judge's finding clearly erroneous. But that is a big ask, seeing how he must convince us that this "finding stinks like 'a 5 week old, unrefrigerated, dead fish.'" <u>See</u> <u>United States</u> v. <u>Rivera-Carrasquillo</u>, 933 F.3d 33, 42 (1st Cir. 2019) (quoting <u>Toye</u> v. <u>O'Donnell</u> (<u>In re O'Donnell</u>), 728 F.3d 41, 46 (1st Cir. 2013)),

- 2 -

cert. denied, 140 S. Ct. 2691 (2020); see also id. (explaining, in "less colorful[]" terms, how a finding is not clearly erroneous unless it generates "'a strong, *unyielding* belief' that the judge stumbled" (emphasis in original and quoting In re O'Donnell, 728 F.3d at 46)). Actually, it only gets harder for him because when "a judge's finding is based on witness credibility, that finding, 'if not internally inconsistent, can *virtually never be clear error*.'" See id. (emphasis in original and quoting Anderson v. City of Bessemer, 470 U.S. 564, 575 (1985)).

And measured against this standard, Echevarria's argument stands no chance. He, for example, does not counter the government's point that he makes "no effort" to show any internal inconsistencies (he filed no reply brief). What he does instead (as the government notes, without contradiction) is urge us to re-sift the evidence by focusing on factors favoring his position, like (for instance) how plea counsel had trouble recalling the details of certain peripheral subjects (*e.g.*, the arraignment date in this case), how plea counsel admitted not filing a notice of appeal in an unrelated criminal matter, and how it is more likely that he (Echevarria) rather than plea counsel would recall events in his own case. But such a re-weighing/second-guessing is verboten under the highly deferential clear-error standard. See United States v. Wetmore, 812 F.3d 245, 249 (1st Cir. 2016). See generally Rivera-Carrasquillo, 933 F.3d at 42 (stressing that even

a showing "that [a] finding is '*probably* wrong'" is not enough on clear-error review (emphasis in original and quoting In re O'Donnell, 728 F.3d at 46)).

Perhaps sensing this vulnerability, Echevarria debuts a two-part argument here. We say "debuts" because (pertinently for our purposes) Echevarria's COA request focused on the judge's finding that he never told plea counsel to file a notice of appeal. Anyway, his new theory is that even if the judge did not clearly err in so finding, (1) he "reasonably demonstrated" that he wished to appeal, thus triggering a "duty" on plea counsel to talk to him about the pros and cons of an appeal — (2) a duty plea counsel "failed to fulfill." But because (as the government writes, again without contradiction) the judge's COA could not have authorized him to press an issue on appeal that he concededly did not raise below, this argument goes nowhere (he offers us no good reason why we should hold differently). See, e.g., Shea v. United States, 976 F.3d 63, 82 (1st Cir. 2020); Peralta v. United States, 597 F.3d 74, 83-84 (1st Cir. 2010).

Given our ruling, we need not referee any other disputes between the parties. And we end with this word (a variation of one used above):

*Affirmed.*